*Exhibit 2·*
*Plaintiff's Second*
*Motion to Compel*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

PHUC N. NGUYEN

        Plaintiff,

    v.

DONALD C. WINTER

SECRETARY OF NAVY

        Defendant.

**Civil Action No. 09-1349 (EGS-JMF)**

## DECEMBER 7, 2010 HEARING WITH MAGISTRATE JUDGE

## JOHN M. FACCIOLA TO RESOLVE DISCOVERY DISPUTES

### DISCOVERY TIMELINE

March 27, 2010: Plaintiff submitted its first Request For Admissions.

May 4, 2010:  Plaintiff submitted its First Request For Production of Documents (RFPOD).

May 27, 2010: Defendant responded to Request For Admissions.

June 7, 2010: Defendant provided its response to Plaintiff's First Request for Production of Documents, consisting primarily of unlawful objections indiscriminately and did not produce any documentation requested.  Exhibit A.

June 30, 2010:  Plaintiff submitted its objections to Defendant's first response.  Exhibit B.

July 7, 2010:  As the court-ordered Joint Status Report was being filed to the court, Defendant produced "supplemental response to RFPOD" in two parts:

> Part 1, in which Defendant produced its court reporting contracting   paper work with some company for the EEO administrative complaint investigation, was irrelevant to RFPOD.

1

Part 2, by which Defendant produced EEOC dismissal dated March 18, 2010 of a different EEO complaint, DON 05-00024-00872, was also irrelevant to this present court complaint.

July 19, 2010:

The parties started to draft a joint motion for extension of time past the initial closing of discovery of July 30, 2010 because discovery made no progress.

On the same day, without referring to any particular RFPOD request and without raising objections to RFPOD being overly broad or Plaintiff not having exhausted the administrative procedures, Defendant produced some pdf files pertaining to May 2005 selection of Stephen Stump to the same PMS435 Chief Engineer position.

However, what was produced was a mismatch of unsigned selection summary drafts for the May 2005 selection and other undated documents from two different selections of May 2005 and March 2007 for the same PMS435 Chief Engineer position, and missing from this production was the more important documentation showing how individual applicants were scored by each resume reviewer and interviews.

July 20, 2010: Instead of a Joint Motion, Plaintiff was compelled to file a consent motion for an extension of time to October 30, 2010 because Defendant did not agree with Plaintiff to include a motion for a magistrate judge to monitor progress of discovery on a monthly basis.

August 20, 2010: Defendant took 50 days to respond to Plaintiff's Objection of June 30, 2010, with the same objections to, and denial of, Plaintiff's requests. Exhibit C.

August 24, 2010: Plaintiff filed a motion for a magistrate judge to resolve continuing discovery disputes with Defendant.

September 2, 2010: Supplemental production by e-mail in 2 parts:

Part 1: Privilege log regarding only LaFreniere's TDY application package between 7-19-2004 and 9-14-2004.

Part 2: LaFreniere's monthly travel vouchers for the entire TDY period.

September 28, 2010: Plaintiff submitted its second and third RFPODs.

October 25, 2010: Judge John Facciola was appointed by the court to resolve discovery disputes.

October 30, 2010: The first court's discovery extension of time closed.

November 8, 2010: Plaintiff received Defendant's Response to Second and Third RFPOD and some documents on a computer disk in US postal mail. See Plaintiff's Objections to Defendant's responses below.

2

<u>November 12, 2010</u>: Defendant supplemented by e-mail some documents indicating that "these [following documents] will be Defendant's First Supplement to Plaintiff's Second RFPODs." Defendant claimed that the produced documents answer Second RFPOD Requests #6 and #3, respectively.

See Plaintiff's objections to Defendant's responses to these requests for Second RFPOD.

**<u>Defendant's Response to Request for Document #1</u>** (submitted by Plaintiff on 5/4/2010).

For this request Plaintiff requested "**Each and every document, including e-mails, which mentions Sawrn [sic] Dulai, Phuc Nguyen (Nguyen) and Robert LaFreniere by name, nickname, or title, which was prepared, created, or generated at any time since January 2004. This request excludes e-mails that were prepared by or sent directly to Nguyen.**"

Defendant's several responses to this request included the following:

- On 6/7/2010, Defendant provided the following response: "Objection. Thus *[sic]* request is overly broad, unduly burdensome, and not likely to lead to the discovery of relevant or admissible evidence. Plaintiff's request for each and every document, including e-mails that refer to these individuals, is overly broad. Further, production of such information would be unduly burdensome. Finally, Plaintiff's request is not likely to lead to the discovery of admissible evidence because the request encompasses information that is in no way related to his allegations of discrimination, Notwithstanding the stated objection. Defendant refers Plainiff to materials he has already been provided in the Reports of investigation (ROIs,) for DON 05-00024-00872 and DON 07-00024-01966.

- On July 8, 2010, Plaintiff clarified the original request with the following Plaintiff's Objection: "The objection is not valid. The request is not overly broad and requested communications which specifically named Swarn Dulai and Robert LaFreniere starting in January 2004 when Dulai made known his intention to retire and PMS435 management started to take actions for LaFreniere to succeed Swarn Dulai as the next PMS435 Chief Engineer, before Plaintiffs EEO complaint.

- On August 20, 2010, Defendant provided the following response: " <u>Response: See response to Document Request 9. Defendant will supplement should any addituional *[sic]* information be discovered.</u>"
  - *Plaintiff's objection:* Request No. 1 is different from Request No. 9.

**<u>Defendant's Response to Request for Document #9</u>** (submitted by Plaintiff on 5/4/2010).

For this request Plaintiff requested "**Each and every document relating to recruiting a person to perform the duties performed in PMS435 Chief Engineer, Acting Chief Engineer and Deputy Chief Engineer positions from 2004 to the present.**"

3

Defendant's several responses to this request included the following:

- On 6/7/2010, Defendant responded the following: "Objection. The request is vague and overly broad. Defendant is unclear what Plaintiff means by the term "recruiting". Notwithstanding the stated objection, Defendant refers Plaintiff to materials he has already been provided in the ROIs for DON 05-00024-00872 and DON 07-00024-01966. See also production response 9."
    - *Plaintiff's objection:* "Production response 9" was provided in CD labeled "Defendant's First Document Production- 100603". It consisted of the memorandum from SEA 00B, serial 10/004 dated 28 Apr 03, transmitting NAVSEA INSTRUCTION 12300.4, "NAVSEA POLICY AND GUIDANCE ON THE USE OF CIVILIAN FIELD ACTIVITY PERSONNEL."
    - *Plaintiff's objection:* Defendant did not comply because Defendant did not provide anything more than NAVSEA INSTRUCTION 12300.4 which did not cite specifically the individuals detailed to PMS435.
- On July 8, 2010, Plaintiff clarified with the following: "Defendant's objection is not valid. "Recruiting" in Plaintiff's request herein specifically refers to Defendant' s staffing action(s) prior to formally announcing and filling the same PMS435 Chief Engineer position vacancies (Deputy Chief Engineer, Acting Chief Engineer and potentially Chief Engineer) at issue, which include formal and informal inquiries directly or indirectly made to identify Robert LaFreniere, Stephen Stump and Riad Sayegh, salary negotiations and agreements with Robert LaFreniere, and funding arrangements made with Defendant's respective organizations in favor of Robert LaFreniere, and sanctions obtained from Defendant's upper management for each selection."
- On August 20, 2010, Defendant responded: "Relevant Responsive documents in the Defendant's possession have been identified to you or provided pursuant to Plaintiff's document production requests. If additional documents are identified, they will be produced to you."
- On September 2, 2010, Defendant provided supplemental discovery response concerning only Robert LaFreniere's detail paperwork that he signed on 7/19/2004, after his selection for detail had been made.
    - *Plaintiff's objection:* Notwithstanding Defendant's failure to produce any document preceding the sole identification of Stephen Stump and Riad Sayegh for PMS435 Chief Engineer position, Defendant's supplemental response concerning LaFreniere's detail process is incomplete, lacking documentation pertaining to the events before he signed his TDY paperwork 7/19/2004. Enclosure (1) (which is the "Justification for Long Term TDY Assignment for Dr. Robert A. LaFreniere") to Code 3433 (Wendell C. Maciejewski) memorandum, Ser 43433/29 dated Sep 10, 2004 on the subject of "LONG TERM TEMPORARY DUTY (TDY) ASSIGNMENT TO PEO/SUBS, PMS

4

435 IN WASHINGTON, DC FOR DR. ROBERT A. LAFRENIERE" pointed to at least two facts or events for which Defendant needs to produce documentation and has not to this date of the present hearing with the court. First is the "Sponsor Request for Long Term TDY" referring to Paul Gross and Swarn Dulai by names. Second is the source of funding, "This assignment is funded by direct funds." That means that the referenced managers had obtained approval of funding from their superior, Mr. R. McNamara at the time. It is not credible that his approval could be granted without any paperwork.

o *Plaintiff's objection:* Defendant continues, to the date of this Dec 7 hearing with the court, to be non-responsive to this request concerning the sole identification of Stephen Stump prior to the formal selection process of March 2005.

## Defendant's Response to 2nd Request for PoD No. 1

***Plainiff's request****: Electronic/written Requests by PMS 435 for detail personnel between 2000 and 2007, from Naval Undersea Warfare Center, Naval Surface Warfare Center and any other field activities.*

***Defendant's Response****:* Objection, overly broad. Requests from PMS 435 for detail personnel between 2000 and 2007 from field activities other than NUWC, Newport is overly broad and unlikely to lead to the discovery of information pertinent to any claim or defense because the allegations at issue in the case only involve the detail of personnel from NUWC, Newport, specifically Dr. Robert Lafreniere. Additionally the information is irrelevant, because plaintiff failed to administratively exhaust any claim pertaining to the detail of Lafraniere. Notwithstanding the objections, no responsive documents were found related to details. Documents located, however, pertaining to the announcement of a vacancy at PMS 435 are attached.

***Plaintiff's Objection****:* None of Defendant's objections are valid. The requested information is not overly broad due to the very limited number of field activity personnel being detailed to PMS435 between 2000 and 2007, which may not number more than 10 at most, or is not irrelevant background information on the detail selection and approval process involving PMS435 and field activities. Defendant is not responsive again by producing only one e-mail for one vacancy announcement in response to this request.

On November 8 (eight days after discovery Extension of Time closed on October 30) 2010, Plaintiff received Defendant's production of one email dated July 2, 2004 from PMS435 (Paul Gross) to NUWC Code 34 (Craig McMillian) announcing the new vacancy of a PMS435 EW Project Manager position which was just vacated by Melinda Reed.

5

The e-mail that Defendant produced in response to this request is in fact irrelevant to PMS435 Deputy Chief Engineer position suspected to be opened a few months before July 2004. But that e-mail proved that official communications between PMS435 and Code 34 new openings at PMS435 existed and are more formal than through word of mouth as Robert LaFreniere claimed how he learned about PMS435 Deputy Chief Engineer position as early as May 2004.

At the same time, Defendant unlawfully stalled Plaintiff's discovery and refused to produce similar communications pertaining to that new PMS435 Deputy Chief Engineer position which must have been announced several months before mid July 2004 announcement.

Plaintiff had requested production of similar documents since the First Request for Production of Documents submitted on May 4, 2010. Defendant continues to stall discovery.

Plaintiff moves the court for a subpoena to compel Defendant to produce all electronic and written requests by PMS435 for detail personnel between 2000 and 2007 for Plaintiff's discovery at Defendant's expenses.

### Defendant's Response to 2nd Request for PoD No. 2

*Plaintiff's request*: Code 34 's written/electronic Announcement of Detail Opportunity in PMS435 opening in August-Sep 2004, made by Craig McMillian, Wendell Maciejewski's branch and other branches under Craig McMillian. This announcement was referenced by Robert LaFreniere during his depositions of Sep 27, 2010.

*Defendant's Response*: The request is overly broad and unlikely to lead to the discovery of information pertinent to any claim or defense because plaintiff failed to administratively exhaust any claim pertaining to the detail of Lafraniere. Further, the referenced transcript reflects that Lafreniere testified that the detail opportunity was announced at a staff meeting he did not attend. ( Lafreniere Depo Trans. 10.) Notwithstanding the Objections, no responsive documents found.

*Plaintiff's Objection*: Defendant's objection to the request for its being overly broad is not valid because it produces on November 8, 2010 an e-mail dated July 2, 2004, announcing another PMS435 position opening in August-September 2004, in the same time frame as the PMS435 Deputy Chief Engineer position.

PMS435 Deputy Chief Engineer position is a more critical position than the PMS 435 EW project manager position, which was announced by e-mail, Robert LaFreniere's deposition and Defendant's response that "no responsive documents [were] found" are not believable.

Further, Code 34 is a large organization which has around two hundred and fifty employees on its pay roll between 10/1/2003 and 9/30/2004. See "Additional Nguyen Supplemental Materials"

6

forwarded by Defendant's email on November 12, 2010, after discovery EOT closure. LaFreniere's claim of organizational communication by word of mouth is not conceivable or is suspect.

Plaintiff moves the court for a subpoena for Plaintiff to depose additional Code 34 employees of Plaintiff's choice at Defendant's expenses.

### Defendant's Response to 2nd Request for PoD No.2*(sic)*

*Plaintiff's Request*: Code 34-approved "Selection process" paperwork package concerning Robert Lafreniere's and other engineers under Code 34 of Craig McMillian, to Grade ND-5 during FY2004. Wendell Maciejewski and Robert Lafreniere referenced this promotion process in favor of LaFreniere and another engineer during their depositions of Sep 27, 2010.

*Defendant's Response:* Objection. Irrelevant and unlikely to lead to the discovery of information pertinent to any claim or defense. The "selection process" of engineers in NUWC, Newport code 34 is not likely to lead to the discovery of admissible evidence related to plaintiff's allegations. Plaintiff was not assigned to NUWC and has alleged no claim of discrimination pertaining to promotions made at NUWC. Plaintiff's request for all engineers within Code 34 is also overly broad. Defendant further objects to Plaintiff's Discovery to the extent it seeks information or materials that are private, confidential, and/or protected by the Privacy Act, and are not otherwise protected by any protective order entered to date. Notwithstanding the stated objections, documents related to Dr. Robert Lafreniere's promotion are attached.

*Plaintiff's Objection*: Despite objections, Defendant produced a photo copy, as it should for all documents, of the signed and dated Request For Personnel Action for Robert LaFreniere's promotion to a higher grade. Thus, Defendant has invalidated its own objections and failed to fully comply with Plaintiff's request.

Defendant failed to produce a copy of the Request For Personnel Action for another engineer named by LaFreniere during his depositions of September 27, 2010.

Plaintiff moves the court for a subpoena to compel Defendant to fully comply to this Plaintiff's request. If anything, compliance will further verify the veracity of LaFreniere's other declarations during his depositions.

### Defendant's Response to 2nd Request for PoD No. 3

*Plaintiff's Request:* All paperwork related to Approved FY2004 and/or earlier Staffing Plan(s) of Code 34, showing current and future organization strength, vacancies, and planned promotions.

7

*Defendant's Response:* Objection. Irrelevant and unlikely to lead to the discovery of information pertinent to any claim or defense. Notwithstanding the stated objections, no responsive documents found.

**Plaintiff's Objection:** Following this Defendant's response which Plaintiff received late November 8 afternoon, on November 12 Defendant produced by supplemental e-mail, which does not certify the veracity of, an excerpt spreadsheet titled "Code 34 FY04 Hiring and Attrition Report As of 30 Sep 2004". The origin of this excerpt is unknown.

Plaintiff moves the Court for a subpoena to compel Defendant to produce a copy of the complete Staffing Plan of Code 34 of two fiscal years FY04 and FY05, the former showing a planned accession plan and the latter showing the actual promotions for all engineers, including Robert LaFreniere, before and during his detail to PMS435 in the position of PMS435 Deputy Chief Engineer between September 2004 and September 2005.

Defendant should further be subpoenaed to show the source of funding of these promotions as NUWC is an organization "funded for services" rendered to PMS435.

**Defendant's Response to 2nd Request for PoD No. 4**

**Plaintiff's Request:** *Complete detail paperwork of engineers detailed to PMS435 for less than one-year temporary duties for the following personnel from NUWC, Newport: Riad Sayegh (2002-2003), Ray Desautels (2003-2004 or 2004-2005), Robert LaFreniere (2004-2005).*

**Defendant's Response:** Objection. Overly broad, irrelevant and unlikely to lead to the discovery of information pertinent to any claim or defense. The detail "paperwork" for Ray Desautels and Riad Sayegh are not related to the allegations of plaintiff's complaint. Neither one was detailed to the Chief Engineer position, nor has Plaintiff raised or exhausted any claim of discrimination pertaining to their details to other positions. Not withstanding the stated objections, defendant has already provided documents regarding Dr. Lafreniere's detail in its supplemental discovery responses of 9-2-10. Further, defendant directs plaintiff to its response to his production request #9 provided on 6-4-10.

**Plaintiff's objections:**
Defendant's objections are not valid as Plaintiff's request is justified. In compliance with FRCVs, Plaintiff can discover and Defendant is required to produce all background information on the lengthy process of requesting well-defined field activity temporary support for PMS435, which usually starts at least in the Spring and must involve several upper management layers above PMS435 at the headquarters (which had to approve the temporary assignment and extra funding for a full man-year salary plus 360 days of per diem expenses at $200 a day, for an approximate total of $222,000, directly funded by PMS435 or its parent organization), including related communications with Code 34 in the field.

8

Further, both Riad Sayegh and Ray Desautels were details to PMS435 before becoming themselves directly implicated in the present complaint. Desautels was implicated as being an Acting PMS435 Chief Engineer immediately before the selection of Riad Sayegh to PMS435 Chief Engineer and Desautels's own subsequent selection for the High Grade Assistant Program Manager.

Defendant cannot claim by its present response and its so-called prior responses and supplements to the original Request No. 9 submitted on 5-4-10, that it has complied fully with this request.

Defendant produced, in its flawed and INCOMPLETE 6-4-10 response to Request No.9 of the First RFPOD of 5-4-10 (which asks for "*each and every document relating to recruiting a person to perform the duties performed in PMS435 Chief Engineer, Acting Chief Engineer and Deputy Chief Engineer from 2004 to the present*"), the non-specific NAVSEA INSTRUCTION 12300.4, "NAVSEA POLICY AND GUIDANCE ON THE USE OF CIVILIAN FIELD ACTIVITY PERSONNEL with no specific information for individuals assigned to PMS435.

Defendant followed up on 9-2-10 and produced for the original Request No. 9 a Navy counsel's initial privilege log, NUWC memos and forms dated only between 7-19-2004 and 9-14-2004 filled out by Robert LaFreniere for his application, "Long Term Assignment for Mr. Robert LaFreniere", with his supervisor's endorsement, LaFreniere's Requests and Authorization for TDY Travel and corresponding travel vouchers.

However, MISSING from that 9-2-10 supplement to RFPoD No.9 is the more critical documentation prior to 7-19-10 of Swarn Dulai (PMS435 Chief Engineer) and Paul Gross (PMS435 Deputy Program Manager) requesting field activity support to PMS435 Chief Engineer at the headquarters (both were named as requesters of field personnel in the "Justification For Long Term TDY Assignment For Dr. Robert LaFreniere" produced).

Plaintiff moves the Court to subpoena Defendant to produce all documentation starting from PMS435 communications with its parent organization(s) and NUWC Code 34 pertaining to the details of Riad Sayegh, Ray Desautels and Robert LaFreniere, through their applications for detail assignment, their selection, justification and PEOSUB or NAVSEA's approval of their temporary assignment.

## Defendant's Response to 2nd Request for PoD No. 5

*Plaintiff's Request*: *Riad Sayegh's performance evaluation by Wendell Maciejewski for the year following Sayegh's detail of 2002-2003 to PMS435, and before his permanent change of station to PMS 435 starting in August 2004.*

***Defendant's Response:*** Objection. Irrelevant and unlikely to lead to the discovery of information pertinent to any claim or defense. Mr. Sayegh's performance evaluation by Mr. Maciejewski is not likely to lead to the discovery of admissible evidence related to plaintiff's allegations. Notwithstanding the objections, no responsive documents found.

***Plaintiff's Objection:*** Defendant's s objection is not valid, Defendant needs to comply with the request fully.  Mr. Sayegh's performance evaluation by his supervisor/branch head at NUWC Newport for the period between his first temporary assignment and his permanent hire at PMS 435 is pertinent to both Mr. Sayegh and Mr. Maciejewski's claims of the former's duties, responsibilities and accomplishments at NUWC that were made by both during their depositions of September 9 and September 27, 2010, respectively, for the same period covered by the present case.

Further, Mr. Sayegh's claims of accomplishments during that period are suspect and need to be discovered if they will be subsequently used during Mr. Sayegh's oral interview of February 2007 for his selection to PMS435 Chief Engineer position at issue, as they were made during his depositions of September 9, 2010.

Plaintiff moves the Court to subpoena Defendant to produce Mr. Sayegh's performance evaluation for the time interval between his first temporary assignment to PMS435 and his permanent hire at PMS435.

(Note: In its non-responses prior to 11-8-10, Defendant has refused to comply to No.5 of Plaintiff's First Request for Production of Documents of May 4, 2010, which included production of personnel files for Robert La Freniere, Stephen Stump and Riad Sayegh since September 2003.)

## Defendant's Response to 2ⁿᵈ Request for PoD No. 6

***Plaintiff's Request:*** *Information and citations of cash awards for Swarn Dulai and other personnel under Paul Gross between 2000 and 2005.*

***Defendant's Response:*** Overly broad, irrelevant and unlikely to lead to the discovery of information pertinent to any claim or defense. Plaintiff has not exhausted any claims pertaining to awards.

***Plaintiff's Objection:*** Defendant's objection is not valid.  No claim needs to be proven, background information is requested.

Despite its usual blanket objections, Defendant produced on 11-8-2010  unsigned, non-serialized and undated drafts of citation and award memoranda for some personnel of PMS 435 under Paul Gross.

Defendant also supplemented on 11-12-2010 a matrix titled "PMS435 Award Data from 2003 to 2007", leaving out not only 2000, 2001, 2002 but also several personnel such as Dulai, LaFreniere, Stump, Dempsey, Brown, Patterson, Sayegh, etc. with annotation that these have left PMS435 in some manner.

Plaintiff moves the court for a subpoena to compel Defendant to produce and authenticate a complete matrix of all such awards for PMS435 personnel between 2000 and 2005, and to produce photographic copies of signed, serialized and dated memoranda of each and every citation and award for all PMS435 personnel under Paul Gross, including Paul Gross himself, between 2000 and 2005.

### Defendant's Response to 2nd Request for PoD No. 7

*Plaintiff's Request*: Complete selection package for the selection of PMS435 Chief Engineer of April 2005.

*Defendant's Response*: Overly broad, irrelevant and unlikely to lead to the discovery of information pertinent to any claim or defense. Plaintiff has not exhausted any claim pertaining to the Chief Engineer selection in April 2005. Notwithstanding the objections, no responsive documents other than those which have already been provided to plaintiff have been located.

*Plaintiff's Objection*: Defendant has not answered this or previous requests related to the selections to PMS 435 Chief Engineer, Acting Chief Engineer or Deputy Chief Engineer positions. Further, this Defendant's objection of 11-08-2010 is not consistent with its previous incomplete production of document for the April 2005 selection, which was made by Defendant only approximately three and a half months earlier.

On 7-23-10, Defendant had started to produce, without referring to which initial request for production of documents submitted by Plaintiff on 5-4-2010, by e-mail with subject "FW: Attached find supplemental document response", of the same date, four pdf files related to the very selection of PMS435 Chief Engineer of April 2005. These documents include: 1. the "Electrical & Electronics Engineer Crediting Plan" filled out by Mr. Paul Gross with his own hand-written annotations under file name "Vice Dulai Crediting Plan.pdf"; 2. the "NAVSEA ... Merit Promotion Flyer, Supervisory Electronics Engineer, GS-855-14" under file name "0855_14_peosub_20050315.pdf"; 3. Two unsigned draft selection summary versions under the heading "GS-14 Position in PMS435" by Paul Gross under the file name of "CHENG Selection Summary rev1 (4-20-05).pdf"; 4. A blank stand-alone "Scoring System" matrix showing only the names of applicants and the names of the panelists which left out the individual scores, under the file name of "CHENG-scores.pdf".

11

By such production, Defendant has shown that it has withheld very important information in its possession which will likely lead to discovery of evidence.

Plaintiff moves the court for a subpoena to compel Defendant to produce complete documentation of the April 2005 selection in response to this Plaintiff's request. Defendant's response should be complete with the resume scores given to each and every applicant by each and every selection panelist, and the notes associated with and bases for each and every such score.

(Note: Plaintiff had initially requested the same information in Plaintiff's First Request For Production of Documents submitted on 5-4-2010 under requests Nos. 4, 8, 13, 15.)

### Defendant's Response to 3rd Request for PoD No.1

*Plaintiff's Request:* Stephen Stump's Position Description before April 2005 selection as PMS435 Chief Engineer.

*Defendant's Response:* Irrelevant and unlikely to lead to the discovery of information pertinent to any claim or defense. No claim pertaining to the selection of Stump was exhausted. Notwithstanding the objections, no responsive documents found.

*Plaintiff's objection:* Defendant's objection is not valid. No claim against the selection of Stephen Stump needs to be proven for this present civil action, relevant background information is sought and could lead to discovery of evidence for the present civil action case no. 09-13479 (EGS).

All of Stephen Stump's position descriptions must be currently maintained in his personnel file from the start of his civil service to the present as position descriptions should be for all federal employees, including Plaintiff. Defendant just refused to comply with this request.

Plaintiff moves the court for a subpoena to compel Defendant to comply with this request.

### Defendant's Response to 3rd Request for PoD No.2

*Plaintiff's request:* Stephen Stump's Performance Evaluations by PMS435 between April 2005 and November 2006, when he left PMS435.

*Defendant's Response:* Irrelevant and unlikely to lead to the discovery of information pertinent to any claim or defense. No claim pertaining to the selection of Stump was exhausted. Defendant further objects to Plaintiff's Discovery to the extent it seeks information or materials that are private, confidential, and/or protected by the Privacy Act, and are not otherwise protected by any protective order entered to date. Notwithstanding the objections, see disk.

12

***Plaintiff's objection and amendment of this request:*** Despite its objections, which are not valid, Defendant complied with this Plaintiff's request.

Plaintiff moves the court for amendment of this request to include Stephen Stump's performance evaluations before his selection to PMS435 Chief Engineer as Plaintiff should have previously asked for the same time line as Plaintiff's 3rd Request for Production for Documents No. 1 preceding this request. His performance evaluations before 2005 selection are relevant background information and can verify and validate his depositions for the present civil action on October 22, 2010.

## Defendant's Response to 3rd Request for PoD No.3

***Plaintiff's Request:*** Statistical break-down of promotions to High-Grade (GS-14 and GS-15 equivalent) between2000 and to the present date, by race and age, of engineers in PEO SUB and PMS435.

***Defendant's Response:*** Overly broad, irrelevant and unlikely to lead to the discovery of information pertinent to any claim or defense. Notwithstanding the objections, see disk which has documents including data from PEO subs on personnel activity since Oct. 08 and data on PMS 435 since 2007.

***Plaintiff's Objection:*** Defendant's objections are not valid, and Defendant is non-responsive with partial answers.

Plaintiff moves the court for a subpoena to compel Defendant to complete its answers producing and authenticating the requested data since 2000.

## Defendant's Supplemental Responses to Plaintiff's First

## Request For Production Of Documents

***Plaintiff's Objection:*** After the closing of the EOT (ending on October 30, 2010), and without referring to any particular request of the First RFPOD, Defendant produced without raising objections to Plaintiff's request being overly broad, in Part 1 of the "Nguyen Supplemental Production 11-2-2010" file that Plaintiff received on 11-8-2010 on a CD, one more time the March 2005 Vacancy Announcement. This vacancy announcement is not the same vacancy announcement for the March 2007 selection, which is the primary matter subject of the present civil action.

Defendant failed again to produce the relevant announcement for March 2007 selection or "cert" No. NW7-YD0801-03-K0550389-CMP-13, to which Defendant had referred to in its e-mail

13

communications of February 06-07 requesting NAVSEA HRO (Human Resources Office) for extending the deadline before the selection of March 2007.

Defendant also failed again to produce the scoring bases of Paul Gross and Brad Binder similar to what Defendant has produced for Scott Greenberg.

In Part 2 of the same so-called "Nguyen Supplemental Production 11-2-2010" file, received by Plaintiff on 11-8-2010, Defendant produced a copy of the "TEAM SUBMARINE OPERATING INSTRUCTION (OI) Number 14, Rev. B" dated October 19, 2007. The subject of the OI is PERSONNEL RECRUITMENT POLICY FOR TEAM SUBMARINE.

Defendant failed to produce the more relevant Operating Instruction No. 14, for the same subject, promulgated by memorandum serial TSUB/259 dated October 29, 2004.

Plaintiff moves the court for a subpoena to compel Defendant to produce the "cert" No. NW7-YD0801-03-K0550389-CMP-13 package, including all e-mail communications with NAVSEA HRO from the beginning and through the 30-day extension request of the "cert".

The lack of these relevant documents, before depositions were taken of Defendant, had hindered Plaintiff's discovery of key evidence for the present civil action.

Plaintiff moves the court for a subpoena to compel Defendant to produce all the above documents under this Objection section, and for ordering Defendant to pay for the expenses of earlier depositions as well as supplemental and new depositions of Defendant.

Respectfully submitted,


Phuc N. Nguyen

7321 Laurel Creek Court

Springfield, VA 22150

(703) 644-0629

14